**SO ORDERED.**

**SIGNED this 17 day of November, 2010.**

_____
**Randy D. Doub
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILSON DIVISION

| | |
|---|---|
| IN RE: | |
| | **CHAPTER 13** |
| **EARL RAY BOYETTE, JR.,** | **CASE NO. 09-04573-8-RDD** |
| DEBTOR | |

**ORDER DISMISSING MOTION TO DETERMINE STATUS OF CLAIM**

Pending before the Court is the Motion to Determine Status of a Claim (the "Motion") filed by Lynanne D. Boyette, ("Mrs. Boyette") and the Response in Opposition to the Motion to Determine Status of a Claim (the "Response") filed by Earl Ray Boyette Jr. (the "Debtor"). The Court conducted a hearing in Wilson, North Carolina on October 19, 2010 to consider the Motion and the Response.

Pursuant to the Motion, Mrs. Boyette requests that the Court determine that (1) the obligation owed to Mrs. Boyette is a post-petition obligation which is not subject to discharge under the Bankruptcy Code and (2) the provisions of the automatic stay do not prevent Mrs. Boyette from filing a domestic action in State court which would include division of marital property, allocation of debts and equitable distribution.

## BACKGROUND

The Debtor and Mrs. Boyette entered into a Premarital Agreement on April 13, 2000. Subsequently, the Debtor and Mrs. Boyette were married. On January 27, 2003, the Debtor deeded certain real property to himself and Mrs. Boyette as tenants by the entirety. The real estate consists of the Debtor's residence. The Debtor still resides at this property. At the time of the conveyance, the Debtor and Mrs. Boyette were married.

The Debtor and Mrs. Boyette modified and amended the Premarital Agreement at the time of the conveyance. Since the conveyance, the Debtor and Mrs. Boyette have modified the Premarital Agreement a second time. The Second Modification and Amendment to the Premarital Agreement was executed on June 22, 2006. It provides that the Debtor and Mrs. Boyette "desire to make certain improvements and additions to the aforementioned property" and to do so, it was necessary for Mrs. Boyette to sign a Promissory Note in the amount of $101,000.00. In the event of a divorce, the Premarital agreement provides Mrs. Boyette will immediately reconvey "all of her right, title and interest in the hereinabove referred to property" to Debtor and the Debtor will reimburse Mrs. Boyette "for all monies she has expended toward the payment" of the promissory note with interest.

On June 3, 2009, the Debtor filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code. When the Debtor filed the petition, he and Mrs. Boyette were still married and living together. In July 2009, one month after the bankruptcy filing, the Debtor and Mrs. Boyette separated. On April 14, 2010, the Debtor amended his Schedules and added Mrs. Boyette as a creditor. Mrs. Boyette's claim was designated as an unliquidated unsecured claim. At any time, either party is eligible to file for divorce. Upon the divorce, the financial obligations of the Debtor

to Mrs. Boyette will no longer be contingent. As of the hearing date and without consideration of the claim of Mrs. Boyette, the Debtor is twenty-one dollars and fifty cents ($21.50) from completing his Chapter 13 Plan and receiving his discharge.

Mrs. Boyette argues that any claim she may have against the Debtor arises post-petition and is not subject to the discharge in the event the Debtor obtains a discharge. Additionally Mrs. Boyette contends she may proceed with her domestic actions in State Court without obtaining relief from the automatic stay.

The Debtor contends that a contract existed between the parties at the time of the filing of his petition and, although liability under the contract was not liquidated at the time of the filing of the petition, the liability nonetheless existed. Therefore, he asserts that the claim of Mrs. Boyette is subject to determination, estimation, and/or liquidation in this bankruptcy proceeding.

## DISCUSSION

The question before the Court is whether the obligation of Mrs. Boyette arose pre-petition or post-petition, and whether the obligation is subject to determination, estimation and/or liquidation in this proceeding.

A debtor is relieved "of personal liability for all pre-petition debts but those excepted under the Bankruptcy Code[,]" upon receiving a discharge in bankruptcy. *In re Perry*, Case No. 02-09032-8-JRL at 3 (Bankr. E.D.N.C. Aug. 4, 2006) (citing *River Place E. Housing Corp. v. Rosenfeld* (*In re Rosenfeld*), 23 F.3d 833, 836 (4th Cir. 1994)). Whether a claim arises pre-petition or post-petition is a "question of federal bankruptcy law." *In re Perry*, Case No. 02-09032-8-JRL at 3 (Bankr. E.D.N.C. Aug. 4, 2006) (citing *Georgetown Steel Co., LLC v. Capital City Ins. Co., Inc.* (*In re Georgetown Steele Co., LLC*), 318 B.R. 313, 327 (Bankr. D. S.C. 2004)).

Claim is defined in 11 U.S.C. § 101(5) of the Bankruptcy Code as:

> (A) *right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured*; or
> (B) right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgement, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

11 U.S.C. § 101(5) (emphasis added).

This definition is broad and the term includes obligations of the debtor "no matter how remote or contingent." H.R. Rep. No. 95-595, 309 (1977). Congress desired a broad definition of claim to allow debtors to meet all of their legal obligations in bankruptcy proceedings and give debtors a fresh start. *In re Heath*, Adversary Proceeding No. L-05-00076-8-AP at 3 (Bankr. E.D.N.C. May 5, 2005) (citing *Ohio v. Kovacs*, 469 U.S. 274 (1985)). The parties do not dispute that Mrs. Boyette has a claim. However, the question is whether that claim arose pre or post-petition.

The Fourth Circuit uses the "conduct test" to determine whether a claim arises pre-petition or post-petition. *In re Perry*, Case No. 02-09032-8-JRL at 3 (Bankr. E.D.N.C. Aug. 4, 2006) (citing *Grady v. A.H. Robins Co.*, 839 F.2d 198, 201-202 (4th Cir. 1988)). Under the "conduct test" the court focuses on the definition of "claim" under 11 U.S.C. § 101(5), to determine when a right o payment arises. *Id.* As stated in § 101(5)(A) a contingent right to payment constitutes a claim. 11 U.S.C. § 101(5). The "conduct test" focuses on the "actual act that gives rise to a state or federal claim . . . not the contingency that gives rise to the right of payment." *Id.* (citing *Butler v. NationsBank, N.A.*, 58 F.3d 1022, 1029 (4th Cir. 1995)).

Additionally, a court *shall* estimate "any contingent or unliquidated claim[.]" 11 U.S.C. § 502(c). The statutory language is mandatory, not permissive. *In re Nova Real Estate Inv. Trust*, 23

B.R. 62 (1982). "Subsection (c) requires the estimation of any claim liquidation of which would unduly delay the closing of the estate, such as a contingent claim." *Id.* (citing *House Report No. 95-595*, 95th Cong., 1st Sess. 354 (1977). *Senate Report No. 95-989*, 95th Cong., 2d Sess 65 (1978)).

In the present case, the act giving rise to Mrs. Boyette's claim is the execution of the Premarital Agreement and the contingency is the divorce. The Debtor and Mrs. Boyette executed the Amended Premarital Agreement on June 22, 2006, prior to the Debtor filing his bankruptcy petition. At the hearing, the Debtor's attorney stated that the Debtor and Mrs. Boyette are both eligible to file for divorce at any time either party wishes to file. They have lived separate and apart for over one year. Upon the divorce, the Debtor will be required to pay certain sums of money to Mrs. Boyette. Additionally the Debtor's attorney stated that if Mrs. Boyette's claim is not subject to determination, estimation and/or liquidation in this bankruptcy proceeding, the Debtor will be financially unable to pay Mrs. Boyette's claim outside of the bankruptcy proceeding, thereby resulting in foreclosure on the note secured by Debtor's residence.

During the hearing, the Debtor proposed to treat Mrs. Boyette's claim as a secured claim and provide periodic payments to Mrs. Boyette under the Debtor's Chapter 13 plan. This proposal would prevent foreclosure, thereby giving the Debtor a fresh start upon completion of the bankruptcy proceeding and, at the same time, would ensure that Mrs. Boyette's claim is paid in full. Mrs. Boyette objected to this proposal and argued that because the parties have not yet filed for divorce, her claim is unable to be computed. However, Section 502 allows a court to estimate "any contingent or unliquidated claim[.]"

Therefore, the Court finds that Mrs. Boyette's obligation is a claim that should be included under the broad definition of "claim" set forth in 11 U.S.C. § 101(5) of the Code. The "act" of

executing the Premarital Agreement occurred pre-petition and this act gives rise to Mrs. Boyette's claim or right to payment even if such claim is contingent.  The Court, relying on 11 U.S.C. § 502, finds that Mrs. Boyette's claim should be estimated and liquidated as part of the Debtor's Chapter 13 plan.  Mrs. Boyette is ordered to file a claim within thirty (30) days of the date of this order.  After review of the claim by Debtor, Debtor may file an objection and request estimation of the contingent claim pursuant to 11 U.S.C. § 502(c).  Therefore, Mrs. Boyette's Motion is **DENIED**.

**SO ORDERED.**

**END OF DOCUMENT**