**SO ORDERED.**

**SIGNED this 27 day of January, 2012.**

_____
Randy D. Doub
United States Bankruptcy Judge

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILSON DIVISION

IN RE:

|  |  |
|---|---|
|  | CHAPTER 7 |
| **EARL RAY BOYETTE, JR.,** | CASE NO. 09-04573-8-RDD |
| Debtor |  |

### ORDER DENYING MOTION TO DISMISS OR CONVERT DEBTOR'S CHAPTER 7 CASE TO A CHAPTER 13 CASE

Pending before the Court is the Motion to Dismiss or Convert Debtor's Chapter 7 Case to a Chapter 13 Case (the "Motion") filed by Lynanne Day, formerly known as Lynanne D. Boyette, ("Ms. Day") on August 15, 2011 and the response to Motion filed by Earl Ray Boyette, Jr. on September 26, 2011. The Court conducted a hearing on January 10, 2012 in Wilson, North Carolina to consider the Motion and the response.

### BACKGROUND

Earl Ray Boyette, Jr. (the "Debtor") filed a voluntary petition for relief pursuant to Chapter 13 of the Bankruptcy Code on June 6, 2009. The Debtor's Chapter 13 case was converted to a case under Chapter 7 of the Bankruptcy Code on May 9, 2011.

The Motion seeks to dismiss the Debtor's Chapter 7 case or convert it to a Chapter 13 case pursuant to 11 U.S.C. § 707(b)(1), (b)(3) based on bad faith of the Debtor or abuse of the provisions of Chapter 7. At the time the Debtor filed the Chapter 13 petition, he and Ms. Day were married. Sometime after the Debtor filed the petition, the two separated. In July 2010, Ms. Day asked the Court to determine the status of a claim against the Debtor's estate based on a premarital agreement between the two. In the premarital agreement, the Debtor promised to repay Ms. Day for any contributions she made on a promissory note secured by a deed of trust on 403 Forest Hills Road, Wilson, North Carolina (the "Property"), which was held as a tenancy by the entirety between the Debtor and Ms. Day. Pursuant to this Court's Order Dismissing Motion to Determine Status of Claim, entered on November 17, 2010, Ms. Day filed Proof of Claim # 20 in the amount of $54,735.96 in the Debtor's case. The Debtor filed an objection to Proof of Claim # 20. The Debtor's objection was scheduled to be heard on May 10, 2011. On May 9, 2011, the Debtor filed a Notice of Conversion to Chapter 7 and withdrew the Objection to Claim # 20.

Ms. Day argues that the Debtor converted his case to Chapter 7 in order to avoid payment of Claim # 20 through his Chapter 13 Plan of Reorganization. In support of this argument, Ms. Day indicates that at the time the Debtor converted his case to Chapter 7, he was $21.50 from completion of his Chapter 13 Plan.

Furthermore, Ms. Day argues the Debtor self-reported environmental hazards located on the Property to the North Carolina Department of Environment and Natural Resources, Division of Waste Management. Ms. Day contends the Debtor's self-reporting was an effort to reduce the value of the Property and is evidence of the Debtor's abuse of the provisions of Chapter 7.

**DISCUSSION**

The bankruptcy court may dismiss a case filed by an individual debtor or, with the debtor's consent, convert a case to a case under Chapter 13 if the court "finds that the granting of relief would be an abuse of the provisions of [Chapter 7]." 11 U.S.C. § 707(b)(1).  If the presumption of abuse pursuant to § 707(b)(2) does not arise, the court may dismiss a case pursuant to § 707(b)(3).  Section 707(b)(3) provides, in considering whether the granting of relief would be an abuse of the provisions of Chapter 7,

> the court shall consider–
> (A) whether the debtor filed the petition in bad faith; or
> (B) the totality of the circumstances . . . of the debtor's financial situation demonstrates abuse.

11 U.S.C. § 707(b)(3).  The moving party bears "the burden of proving abuse pursuant to § 707(b)(3)." *In re Barger*, No. 09-51299, 2010 WL 1904771 at *2(Bankr. M.D.N.C. 2010) (citing *In re Lipford*, 397 B.R. 320, 326 (Bankr. M.D.N.C. 2008)).

In the present case, the Court finds Ms. Day failed to prove by the preponderance of the evidence that the petition was filed in bad faith or that the totality of the circumstances of the Debtor's financial situation demonstrate abuse of the provisions of Chapter 7.

At the hearing, the Debtor testified when he filed the Chapter 13 bankruptcy petition he sought relief from large amounts of credit card debt.  Ms. Day presented no evidence suggesting the Chapter 13 petition was filed in bad faith.  The Court also notes the Debtor and Ms. Day had not yet separated on the date the petition was filed.  Therefore, the filing of the petition could not have been an effort to discharge Claim # 20, because based on the terms of the premarital agreement the

claim could not be determined until the two separated. Accordingly, the Court finds the Chapter 13 petition was not filed in bad faith.[1]

In the Motion, Ms. Day also asserts that the conversion of the Debtor's case from Chapter 13 to Chapter 7 was in bad faith. Section 707(b)(3)(A) requires the court to inquire as to bad faith in connection with the filing of the petition. Outside of the filing of the petition, the court is instructed by § 707(b)(3)(B) to evaluate whether the totality of the circumstances of the debtor's financial condition demonstrate an abuse of Chapter 7. In light of § 707(b)(3)(B), the Court must evaluate the Debtor's act of converting the case to Chapter 7 based on the totality of the circumstances of his financial situation.

The Debtor testified that when he converted his Chapter 13 case to a Chapter 7 case, his attorney advised him the provisions of the Bankruptcy Code allowed him to discharge Ms. Day's claim. The Debtor testified that he was not aware he was $21.50 from completing his Chapter 13 plan payments until he was so informed by Ms. Day's counsel subsequent to the conversion.

Ms. Day also contends the Debtor's self-reporting of the environmental hazards on the Property was done in order to reduce its value. Ms. Day argued at the hearing that the Debtor reported he buried creosote railroad ties on the Property approximately fifteen years ago to the

---

[1] The Court recognizes § 707(b)(1) states the court "may dismiss a case filed by an individual debtor under this chapter," which by its plain meaning refers to Chapter 7. Whether § 707(b)(1) applies to a case filed under Chapter 13 but subsequently converted to Chapter 7 receives inconsistent treatment by bankruptcy courts. *Compare In re Lassiter*, No. 08-31578-KRH, 2011 WL 2039363 at *1 (Bankr. E.D. Va. May 24, 2011) (Holding "11 U.S.C. § 707(b)(1) applies to cases converted to Chapter 7 from a different chapter of the Bankruptcy Code.") *with In re Dudley*, 405 B.R. 790, 801 (Bankr. W.D. Va. 2009) *appeal dismissed* 428 B.R. 686 (W.D. Va. 2010) (Holding the "Plain Meaning Rule dictates that § 707(b) apply only to cases filed under Chapter 7."). The application of § 707(b)(1) to the Debtor's case was not an issue raised by the parties, therefore, the Court proceeds with an analysis based on the evidence presented at the hearing.

North Carolina Department of Environment and Natural Resources, Division of Waste Management.  Ms. Day asserts this act reduced the value of the Property as well as the likelihood of payment of her claim.  The Debtor testified that he reported the existence of the creosote railroad ties on the Property on the advice of his attorney.  The Debtor stated he consulted with an environmental attorney in Greenville, North Carolina prior to making attempts to market the Property.  Realizing he could be held liable for placing the railroad ties on the Property, the Debtor stated his attorney negotiated an agreement by which the Debtor would not be prosecuted if he self-reported the violations.  The Debtor testified he also reported to the Division of Waste Management that on two other occasions acetone, another environmental hazard, was spilled on the Property.

According to the Debtor's testimony, he felt it necessary to report the environmental issues on the Property because he found it prudent to attempt to market and sell the Property in order to repay the debts to Ms. Day and the bank holding the deed of trust on the Property.  The Debtor stated he realized the railroad ties and acetone could cause potential issues with a sale and also create greater liability for himself in the future.  Therefore, he found it necessary to report the violations and remedy the situation prior to attempting to sell the Property.  The Debtor testified he may also have faced criminal prosecution if the violations were not reported.

The Court finds the Debtor reported the evidence of creosote railroad ties and acetone on the Property in order to remedy any potential environmental liabilities existing on the Property in preparing to sell it.  Viewing these actions in the totality of the circumstances of Debtor's financial situation, the Court finds the Debtor's attempt to make the Property marketable in order to satisfy his debts is not an abuse of the provisions of Chapter 7.  Ms. Day has failed to prove by the

preponderance of the evidence that the petition was filed in bad faith or granting the Debtor further relief would be an abuse of the provisions of Chapter 7.

Accordingly, the Motion is **DENIED.**

Pursuant to a separate order entered by this Court on January 17, 2012, Ms. Day; the Debtor; the North Carolina Division of Waste Management; John C. Bircher III, Chapter 7 Trustee; and Carter Bank & Trust are to conduct a mediated settlement conference to address the issues related to Ms. Day's claim, the potential sale of the Property, the priority and validity of any liens on the Property, and any other issue raised during mediation.

**SO ORDERED.**

**END OF DOCUMENT**